THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00003-MR-DLH

| | |
|---|---|
| RICHARD S. WORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER OF REMAND** |
| ) | |
| DAVID J. CLANCY; THE CITY OF ) | |
| WAYNESVILLE POLICE ) | |
| DEPARTMENT; THE CITY OF ) | |
| WAYNESVILLE; and MOUNTAIN ) | |
| ENERGY CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court *sua sponte*.

**I.  PROCEDURAL BACKGROUND**

The Plaintiff, proceeding *pro se*, commenced this action with the filing of a Complaint in the Haywood County General Court of Justice, Superior Court Division, on December 2, 2014, asserting claims for violation of the Plaintiff's Fourth and Fourteenth Amendment rights by the Defendants. [Doc. 1 at 5]. On January 5, 2015, the Defendants David J. Clancy, the City of Waynesville Police Department, and the City of Waynesville (collectively, "the City Defendants") filed a Notice of Removal on the basis

of federal question jurisdiction. [Doc. 1 at 1]. The Notice of Removal indicates that Defendant Mountain Energy Corporation has not yet been served in this action. [Id.].

On January 9, 2015, the Plaintiff and the City Defendants filed a stipulation pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure dismissing the City Defendants without prejudice from this action. [Doc. 2]. Accordingly, the only Defendant that remains in this action in Mountain Energy Corporation.

On January 15, 2015, the Court entered an Order directing the *pro se* Plaintiff to show cause within thirty (30) days why this case should not be remanded to the Haywood County General Court of Justice, Superior Court Division to proceed against the Defendant Mountain Energy Corporation. [Doc. 3]. More than thirty (30) days have passed, and the Plaintiff has not responded to the Court's Order.

## II. DISCUSSION

The sole basis for the removal of this action was the existence of a federal question, in that Plaintiff appeared to assert claims against the City Defendants for violation of his federal civil rights under 42 U.S.C. § 1983. [Doc. 1 at 5-8]. With the dismissal of the City Defendants, the Plaintiff's

Complaint no longer presents a federal question upon which the Court may exercise original jurisdiction.[1]

While the elimination of the Plaintiff's federal claims does not divest this Court of subject matter jurisdiction, the Court may decline to exercise supplemental jurisdiction over the remaining state law claims and remand the action to state court. See Harless v. CSX Hotels, Inc., 389 F.3d 444, 448-49 (4th Cir. 2004). This discretion may be exercised "upon a proper determination that retaining jurisdiction over the case would be inappropriate" considering "the principles of economy, convenience, fairness, and comity[.]" Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (2010).

This case is in the earliest stage of litigation; indeed, the Plaintiff has yet to effect service on the Defendant Mountain Energy Corporation. With

---

[1] The Plaintiff does not clearly allege the basis for his claim against Defendant Mountain Energy Corporation. To the extent that the Plaintiff seeks redress under 42 U.S.C. § 1983 against this Defendant, such claim is subject to summary dismissal. In order to seek relief under 42 U.S.C. § 1983, "[t]he person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506-07 (4th Cir. 1999) (internal quotation marks and citations omitted). "Thus, the Supreme Court has held that private activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it into state action: [m]ere approval of or acquiescence in the initiatives of a private party is insufficient." Id. Here, the Plaintiff has not made any allegation that Mountain Energy Corporation had a sufficiently close relationship with state actors such that the Court could conclude that it was engaged in governmental action.

the dismissal of the City Defendants, the claims remaining in this action are against a private actor and arise solely under North Carolina law. All of these reasons provide this Court with "a powerful reason to choose not to continue to exercise jurisdiction." Cohill, 484 U.S. at 351. Accordingly, in the exercise of its discretion, the Court declines to exercise supplemental jurisdiction over the Plaintiff's remaining state law claims and shall remand this case for further proceedings against the Defendant Mountain Energy Corporation.

**IT IS, THEREFORE, ORDERED** that this action is hereby **REMANDED** to the Haywood County General Court of Justice, Superior Court Division.

The Clerk of Court is respectfully directed to provide a certified copy of this Order to the Haywood County Superior Court Clerk.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge